# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF COLORADO

Civil Action No.   11-cv-01232-CMA-MEH

UNITED STATES OF AMERICA,

        Plaintiff,

v.

**1401 EAST  VIRGINIA AVENUE, DENVER, COLORADO**
**57 LAKE RIDGE CIRCLE #1844, KEYSTONE, COLORADO,**
**$251,805.00 IN UNITED STATES CURRENCY,**
**$450,060.00 IN UNITED STATED CURRENCY**,
**$450,000.00 IN UNITED STATES CURRENCY,**
**$50,000.00 IN UNITED STATES CURRENCY,**
**ONE SILVER BAR AND 13 MISCELLANEOUS COINS,**
**$68,690.00 IN UNITED STATES CURRENCY,**
**$8,372.00 IN UNITED STATES CURRENCY**

        Defendant.

_____

**ANSWER TO VERIFIED COMPLAINT FOR FORFEITURE *IN* REM, STATEMENT OF DEFENSES, AND JURY DEMAND**
_____

Claimant Daniel Dinner ("Dinner"), by counsel Ridley, McGreevy & Winocur, P.C., for its Answer and Jury Demand, states as follows:

**ANSWER**

<u>JURISDICTION AND VENUE</u>

1.-2.        Dinner denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 1 and 2 of the Verified Complaint for Forfeiture in

1

Rem ("Complaint"), and to the extent that the allegations contained therein call for a legal conclusion therefore denies the allegations therein.

## DEFENDANT PROPERTY

3.a.-b.        Dinner admits the allegations of paragraphs 3.a and 3.b of the Complaint, with the exception that he denies knowledge of any lien or lien claimant as to defendant Virginia Avenue (para. 3.a.), which allegation he therefore denies.

3.c.           Dinner admits the allegations contained in paragraphs 3.c. through 3.f. concerning the amounts seized in defendants Currency from the locations noted therein.  Dinner denies knowledge or information sufficient to form a belief as to the truth of the allegations in said paragraphs concerning the current disposition or possessor(s) of the defendants Currency and therefore denies the allegations concerning disposition or possession of said Currency therein.

3.g.-i.        Dinner denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 3.g through 3.i and therefore denies the allegations therein.

## FACTUAL BASIS FOR FORFEITURE

4.-10.         Dinner denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 4 through 10 of the Complaint and therefore denies the allegations therein.

11.            Dinner denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 concerning what CBI agents did or did not do, how they

learned what they allegedly learned, or what they knew or did not know.  Dinner admits that the an individual whose true identity is unknown to him, but who once later identified himself as CBI Agent Ron Carscallen, appears to have assumed a false identity, and for purposes unrelated to therapy, i.e. "in an undercover capacity," surreptitiously infiltrated anonymous therapeutic sessions attended by Dinner and others seeking therapeutic support, and that Dinner gave said person a phone list.

12.            Dinner denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12, in that he is uncertain as to the true identity of the person now identified as Ron Carscallen, or as to the date(s) of any specific meeting with the same or the exact content of any conversation therewith, and therefore denies the allegations therein.

13.-17.        Dinner denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 13 through 17 of the Complaint and therefore denies the allegations contained therein.

18.            Dinner denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18, in that he is uncertain as to the true identity of the person identified as Ron Carscallen, or as to the date(s) of any specific meeting with the same, or the exact content of any conversation therewith, and therefore denies the allegations therein.

### Gambling Activity Surrounding Michael Elick and Daniel Dinner

19.-27.        Dinner denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 19 through 27 of the Complaint and therefore denies the allegations contained therein.

28.-36        Dinner denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 28 through 36 and therefore denies the allegations therein.

### 2011 Super Bowl Bet

37.        Dinner denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37, in that he is uncertain as to the true identity of the person identified as Ron Carscallen, or as to the date(s) or the exact content of any conversation therewith, and therefore denies the allegations therein.

38.-39.        Dinner denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 38 through 39 and therefore denies the allegations therein.

40.-41.        Dinner denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 40-41, in that he is uncertain as to the true identity of the person identified as Ron Carscallen, or as to the date(s) or the exact content of any communications therewith, and therefore denies the allegations therein.

42.	Dinner denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 of the Complaint and therefore denies the allegations contained therein.

43.-46.	Dinner denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 43-46, in that he is uncertain as to the true identity of the person identified as Ron Carscallen, or as to the date(s) or the exact content of any communications therewith, and therefore denies the allegations therein.

47.-49.	Dinner denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 47 through 49 of the Complaint and therefore denies the allegations therein.

## Assets Subject to Forfeiture

50.-53.	Dinner admits the allegations contained in paragraph 50 through 53.

54.	Dinner denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 54 of the Complaint and therefore denies the allegations therein.

55.	Dinner admits the allegations contained in paragraph 55 of the Complaint.

56.-58.	Dinner admits the allegations contained in paragraphs 56 through 58 of the Complaint.

59.-62.	Dinner admits the allegations contained in paragraphs 59 through 62 of the Complaint.

63.-65.	Dinner denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 63 through 65 of the Complaint and therefore denies the allegations therein.

66.	Dinner denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 66 of the Complaint as to reported wages or surveillance.  Dinner denies the allegations contained therein to the extent it is alleged that Dinner had no legitimate income during the period identified therein.

67.	With respect to any tax returns seized, Dinner states that the tax returns speak for themselves.

68.-69.	Dinner admits the allegations contained in paragraphs 68 through 69 of the Complaint.

## Conclusion

70.71.	Paragraphs 70 and 71 of the Complaint call for legal conclusions, and Dinner therefore denies the allegations therein.

### FIRST CLAIM FOR RELIEF

72.	Claimant repeats and incorporates by reference the paragraphs above.

73.	Claimant denies the allegations contained in paragraph 73 of the Complaint.

## SECOND CLAIM FOR RELIEF

74. Claimant repeats and incorporates by reference the paragraphs above.

75. Claimant denies the allegations contained in paragraph 75 of the Complaint.

## THIRD CLAIM FOR RELIEF

76. Claimant repeats and incorporates by reference the paragraphs above.

77. Claimant denies the allegations contained in paragraph 77 of the Complaint.

## FOURTH CLAIM FOR RELIEF

78. Claimant repeats and incorporates by reference the paragraphs above.

79. Claimant denies the allegations contained in paragraph 79 of the Complaint.

## FIFTH CLAIM FOR RELIEF

80. Claimant repeats and incorporates by reference the paragraphs above.

81. Claimant denies the allegations contained in paragraph 81 of the Complaint.

## SIXTH CLAIM FOR RELIEF

82. Claimant repeats and incorporates by reference the paragraphs above.

83. Claimant denies the allegations contained in paragraph 83 of the Complaint.

## SEVENTH CLAIM FOR RELIEF

84.     Claimant repeats and incorporates by reference the paragraphs above.

85.     Claimant denies the allegations contained in paragraph 85 of the Complaint.

## EIGHTH CLAIM FOR RELIEF

86.     Claimant repeats and incorporates by reference the paragraphs above.

87.     Claimant denies the allegations contained in paragraph 87 of the Complaint.

## NINTH CLAIM FOR RELIEF

88.     Claimant repeats and incorporates by reference the paragraphs above.

89.     Claimant denies the allegations contained in paragraph 89 of the Complaint.

## GENERAL DENIAL

90.     With respect to each and every allegation of the Complaint not previously admitted or denied, Dinner denies the same.

## FIRST DEFENSE

91.     The arrest and investigation of the defendants *res* identified in each claim violated Claimant's Fourth Amendment rights under the United States Constitution.

## SECOND DEFENSE

92.     The arrest and investigation of the defendants *res* identified in each claim violated Claimant's Fifth Amendment rights to substantive due process under the United States Constitution.

## THIRD DEFENSE

93.     The forfeiture statute in this case and the implementing code of federal regulations are void and unenforceable and violative of the Due Process Clause of the Fifth Amendment to the United States Constitution, for the following reasons in that the forfeiture statutes provide for the restraint of property without due process because it provides for a seizure without prior notice, hearing or authorization by a judicial officer.

## FOURTH DEFENSE

94.     Forfeiture of the defendants *res* in which Claimant has an interest would violate Claimant's rights under the Eighth Amendment to the United States Constitution.

## FIFTH DEFENSE

95.     Forfeiture of the defendants *res* in which Claimant has an interest would violate Claimant's rights under the 18 U.S.C. § 983(g).

## JURY DEMAND

    Dinner requests that all claims triable be tried before a properly empanelled jury.

**WHEREFORE**, Daniel Dinner respectfully requests that this Court enter an order denying relief requested by Plaintiff, entering judgment in favor of Claimant, ordering the return of Claimant's defendant property, and granting such further relief as this Court deems appropriate.

Dated: November 4, 2011

Respectfully submitted,

*/s/ William L. Taylor*
William L. Taylor, #21098
Attorney for Dan Dinner
RIDLEY, MCGREEVY & WINOCUR P.C.
303 16th Street, Suite 200
Denver, CO 80202
Telephone: (303) 629-9700
Fax: (303) 629-9702
E-Mail: wltaylorpc@gmail.com;
taylor@ridleylaw.com
*Attorney for Claimant Daniel Dinner*

## CERTIFICATE OF SERVICE

    I hereby certify that on this 4<u>th</u> day of November, 2011, I served a true and correct copy of the foregoing **ANSWER TO VERIFIED COMPLAINT FOR FORFEITURE *IN* REM, STATEMENT OF DEFENSES, AND JURY DEMAND** via CM/ECF filing addressed to the following:

**Tonya Shotwell Andrews**
U.S. Attorney's Office-Denver
1225 17th Street East
#700
Denver, CO 80202
303-454-0100
303-454-0402 (fax)
Tonya.Andrews@usdoj.gov
  *Attorney for Plaintiff*

**Martha Ann Paluch**
U.S. Attorney's Office-Denver
1225 17th Street East
Seventeenth Street Plaza
#700
Denver, CO 80202
303-454-0100
303-454-0402 (fax)
Martha.Paluch@usdoj.gov
  *Representing Plaintiff*

**Mitchell Baker**
Mitch Baker, Attorney at Law
1543 Champa Street
#400
Denver, CO 80202
303-592-7353
303-571-1001 (fax)
mitchbaker@estreet.com
  *Attorney for Claimant Ginger Dinner*

**Karl J. Geil**
Karl J. Geil, P.C.
621 17th Street
Suite 2655
Denver, CO 80293
303-295-6261
303-298-0716 (fax)
karl_geil@prodigy.net
  *Representing Claimant Shelly Lynn Elick*

        *s/ Suzy Kamps*