IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01232-CMA-MEH

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1401 EAST VIRGINIA AVENUE, DENVER, COLORADO,
57 LAKE RIDGE CIRCLE #1844, KEYSTONE, COLORADO,
$251,805.00 IN UNITED STATES CURRENCY,
$450,060.00 IN UNITED STATES CURRENCY,
$450,000.00 IN UNITED STATES CURRENCY,
$50,000.00 IN UNITED STATES CURRENCY,
ONE SILVER BAR AND 13 MISCELLANEOUS COINS,
$68,690.00 IN UNITED STATES CURRENCY, and
$8,372.00 IN UNITED STATES CURRENCY,

    Defendants.

**SCHEDULING ORDER**

**1. DATE OF CONFERENCE
AND APPEARANCES OF COUNSEL AND *PRO SE* PARTIES**

Date of the conference:    January 26, 2012 at 9:00 a.m.

Appearances:

United States:    Martha A. Paluch
    Assistant United States Attorney
    1225 17th Street, Suite 700
    Denver, Colorado 80202
    (303) 454-0100

Claimant Daniel Dinner:    William L. Taylor, Esq.
    Ridley, McGreevy & Winnocur, P.C.
    303 16th Street, #200
    Denver, Colorado 80202
    (303) 629-9700

1

    Claimant Ginger Dinner:        Mitchell Baker, Esq.
                                          1543 Champa Street, #400
                                          Denver, Colorado  80202
                                          (303) 592-7353

## 2.  STATEMENT OF JURISDICTION

The United States alleges this Court has jurisdiction and venue in this case pursuant to 28 U.S.C. §§ 1355(a) and (b), and 1395.

## 3.  STATEMENT OF CLAIMS AND DEFENSES

    a.    Defenses and Claims of Plaintiff:

The United States seeks forfeiture of defendant property pursuant to 18 U.S.C. § 981(a)(1)(C), as proceeds traceable to violations of 18 U.S.C. § 1952.

    b.    Defenses and Claims of Claimant Daniel Dinner:

1) Claimant Daniel Dinner claims a 100% ownership interest in the following defendant property:

        57 Lake Ridge Circle #1844, Keystone, Colorado

        $251,805.00 in United States Currency

        $450,060.00 in United States Currency

        $450,000.00 in United States Currency

        $50,000.00 in United States Currency

2)  Claimant Daniel Dinner hereby claims an interest in all by $15,000.00 of the value of the defendant property 1401 East Virginia Avenue, Denver, Colorado.

      3)  Claimant Daniel Dinner asserts the following defenses:

          (i)  General denial of allegations not admitted;

          (ii)  Arrest of the defendant res was effected, and the government's evidence gathered, in violation of Claimant Dinner's rights under the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution;

          (iii)  Forfeiture would violate Claimant's rights under the Eighth Amendment to the United States Constitution; and

          (iv)  Forfeiture would violate Claimant's rights under 18 U.S.C. § 983(g).

    c.    Defenses and Claims of Claimant Ginger Dinner:

      1)  Ginger Dinner claims a $15,000.00 interest in defendant property 1401 East Virginia Avenue, Denver, Colorado.

## 4. UNDISPUTED FACTS

The only facts that can be considered undisputed at this time are as follows:

    a.    The general description of the defendant property; that State Search Warrants were executed on March 29, 2011; the purchase of the defendant residences; and that the defendant property was seized by law enforcement.

    b.    The United States has confessed Ginger Dinner's claim set forth above.

    c.    Ginger Dinner is not accused of any wrong-doing and has not been charged criminally in any state or federal proceeding.

### 5. COMPUTATION OF DAMAGES

a. The relief sought by the United States is an Order of Forfeiture forfeiting defendant property to the United States, to be disposed of in accordance with law.

b. The relief sought by Claimants is an order denying the relief requested by Plaintiff, entering judgment in favor of Claimants, and entering an order for the return of the defendant property.

### 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

a. Date of Rule 26(f) meeting:

The Rule 26(f) requirements are inapplicable to this civil forfeiture action *in rem* arising from a federal statute. Fed. R. Civ. P. 26(a)(1)(B)(ii). Nevertheless, the United States and Claimants have conferred in compliance with Rule 26(f), most recently on January 19, 2012.

b. Names of participants and party they represented:

Assistant United States Attorney Martha A. Paluch represented the United States; William Taylor represented Daniel Dinner; and Mitchell Baker represented Ginger Dinner.

c. Statement as to when Rule 26(a)(1) disclosures were made or will be made:

Rule 26(a)(1) requirements are inapplicable to this civil forfeiture action *in rem* arising from a federal statute. Fed. R. Civ. P. 26(a)(1)(B)(ii).

d. Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1):

The Rule 26(a)(1) requirements are inapplicable to this civil forfeiture action *in rem* arising from a federal statute. Fed. R. Civ. P. 26(a)(1)(B)(ii).

e. The United States and Claimants have agreed to conduct informal discovery by exchanging documents and to continue settlement discussions.

f. The parties agree to cooperate in order to reduce the costs of litigation and expedite the just disposition of the case, including the use of a unified exhibit numbering system.

g. The United States and Claimants agree that there will not be a significant amount of electronically stored information.

h. The United States and counsel for Claimants have not engaged in settlement negotiations but anticipate settlement discussions in the near future.

### 7. CONSENT

The parties anticipate consenting to the exercise of jurisdiction of a magistrate judge.

### 8. DISCOVERY LIMITATIONS

a. Modification which any party proposes on the presumptive numbers of interrogatories contained in the federal rules:

The parties agree that the presumptive number of 25 interrogatories each party may serve on any other party is sufficient.

b. Limitations which any party proposes on the length of depositions:

Each deposition will be limited to one day of seven (7) hours.

c. Limitations which any party proposes on number of requests for production of documents and/or requests for admissions:

The parties agree that each party may serve on the other party 25 requests for production of documents and 25 requests for admission.

d. Other Planning or Discovery Orders: The parties agree that they may file a Motion to Compel answers to discovery requests thirty (30) days after the answers are due.

## 9. CASE PLAN AND SCHEDULE

a. Deadline for Joinder of Parties and Amendment of Pleadings:  April 13, 2012.

b. Discovery Cut-off: May 31, 2012.

c. Pretrial Motions Deadline:  June 29, 2012.

d. Dispositive Motion Deadline: June 29, 2012.

e. Expert Witness Disclosure: April 13, 2012.

1) State anticipated fields of expert testimony, if any:

For the United States: an expert in the field of gambling.

For Claimant Daniel Dinner:

For Claimant Ginger Dinner:

2) State any limitations proposed on the use or number of expert witnesses:  The United States and Claimants agree that each party will be limited to two expert witnesses.

6

3) The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before April 13, 2012.

4) The parties shall designate all rebuttal experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before May 14, 2012.

f. Identification of Persons to be Deposed:

| Name of Deponent | Date of Deposition | Time of Deposition | Length of Deposition |
|---|---|---|---|
| Daniel Dinner | May 8, 2012 | 9:00 a.m. | 7 hours |
| Michael Elick | May 9, 2012 | 9:00 a.m. | 7 hours |
| Shelly Elick | May 10, 2012 | 9:00 a.m. | 4 hours |
| Ginger Dinner | May 10, 2012 | 1:00 p.m. | 4 hours |
| Ron Carscallen | May 15, 2012 | 9:00 a.m. | 7 hours |
| Chris Andrist | May 16, 2012 | 9:00 a.m. | 4 hours |
| Greg Zenter | May 17, 2012 | 9:00 a.m. | 4 hours |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

g. Deadline for Interrogatories:

The United States and Claimants agree to serve an initial set of interrogatories no later than May 16, 2012, with responses due no later than 30 days after receipt. Any further interrogatories shall be served on a schedule that allows timely responses on or before the discovery cut-off date.

h. Deadline for Requests for Production of Documents and/or Admissions:

The United States and Claimant will submit their requests for production of documents and admissions no later than May 16, 2012, with responses due no later

7

than 30 days after receipt. Any further requests for production of documents and admissions shall be served on a schedule that allows timely responses on or before the discovery cut-off date.

### 10.  DATES FOR FURTHER CONFERENCES

a. An early neutral evaluation will be held on _____ at _____ o'clock __. m.

- ( ) Pro se parties and attorneys only need be present.
- ( ) Pro se parties, attorneys, and client representatives must be present.
- ( ) Each party shall submit a Confidential Statement to the magistrate judge on or before _____ outlining the facts and issues, as well as the strengths and weaknesses of their case.

b. An evidentiary hearing on Claimant Daniel Dinner's Constitutional Motion to Suppress Evidence will be held on _____ at _____ o'clock __. m.

c. Status conferences will be held in this case at the following dates and times: _____
_____.

d. Final pretrial conference will be held in this case on _____ at _____ o'clock __. m.  A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

## 11.  OTHER SCHEDULING MATTERS

a. A statement of those discovery or scheduling issues, if any, on which counsel, after a good-faith effort, were unable to reach an agreement:  None.

b. Anticipated length of trial and whether trial is to the court or jury:  three day trial to a Jury.

c. Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted elsewhere: None.

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1D by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all pro se parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1A.

In addition to filing an appropriate notice with the clerk's office, a pro se party must file a copy of a notice of change of his or her address or telephone number with the clerk of the magistrate judge assigned to this case.

In addition to filing an appropriate notice with the clerk's office, counsel must file a copy of any motion for withdrawal, motion for substitution of counsel, or notice of change of counsel's address or telephone number with the clerk of the magistrate judge assigned to this case.

## 13.  AMENDMENTS TO SCHEDULING ORDER

The Scheduling Order may be altered or amended only upon a showing of good cause.

DATED this _____ day of _____ 2012.

BY THE COURT:

_____
MICHAEL E. HEGARTY
U.S. District Court Magistrate Judge

APPROVED:        s/ *Martha A. Paluch*
Martha A. Paluch
Assistant United States Attorney
1225 17th Street, Suite 700
Denver, Colorado 80202
Telephone: (303) 454-0100
E-mail: martha.paluch@usdoj.gov
*Attorney for Plaintiff*

APPROVED:        s/ *William Taylor*
William Taylor, Esq.
303 16th Street, Suite 200
Denver, Colorado 80202
Telephone: (303) 629-9700
E-mail: wltaylorpc@gmail.com
*Attorney for Claimant Daniel Dinner*

APPROVED:        s/ *Mitchell Baker*
Mitchell Baker, Esq.
1543 Champa Street, Suite 400
Denver, Colorado 80202
Telephone: (303) 592-7353
E-mail: mitchbaker@estreet.com
*Attorney for Claimant Ginger Dinner*