IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01232-CMA-MEH

UNITED STATES OF AMERICA,

       Plaintiff,

v.

1401 EAST VIRGINIA AVENUE, DENVER, COLORADO,
57 LAKE RIDGE CIRCLE #1844, KEYSTONE, COLORADO,
$251,805.00 IN UNITED STATES CURRENCY,
$450,060.00 IN UNITED STATES CURRENCY,
$450,000.00 IN UNITED STATES CURRENCY,
$50,000.00 IN UNITED STATES CURRENCY,
ONE SILVER BAR AND 13 MISCELLANEOUS COINS,
$68,690.00 IN UNITED STATES CURRENCY, and
$8,372.00 IN UNITED STATES CURRENCY,

       Defendants.
_____

## MOTION TO STAY CASE
_____

THE UNITED STATES OF AMERICA, by and through the undersigned Assistant United States Attorney Martha A. Paluch, hereby moves to stay the above-captioned case, and in support of this motion asserts as follows:

Pursuant to D.C.COLO.LCivR 7.1.A, undersigned counsel represents that she conferred with Mr. William Taylor, Esq., counsel for Claimant Daniel Dinner, Mr. Mitchell Baker, Esq., counsel for Claimant Ginger Dinner, and Mr. Karl Geil, Esq, counsel for Claimant Shelly Elick regarding the instant motion. Mr. Taylor stated the following via email: "Mr. Dinner does not object to a stay of 90 days on civil discovery in the case, but desires to have his constitutional motion heard in the meantime. He disagrees with

1

the Government's characterization of that hearing as "discovery." In light of the revelation yesterday by the Jefferson County District Attorney's Office that the FBI installed and employed a warrantless GPS device on Mr. Dinner's vehicle(s) (after the DA originally asserted that the GPS devices employed in the investigation were supported by search warrants), Mr. Dinner has requested a 7-day extension of time in which to file his constitutional motion, in order to brief issues raised by the Supreme Court's decision on January 23, 2012 in *United States v. Jones*. He does not object to adjusting the briefing schedule on his constitutional motion commensurately, or resetting the date for hearing on his constitutional motion commensurately."

Mr. Baker indicated via email that he concurs with Mr. Taylor's position. Mr. Geil represented, via email and in a telephone conversation, that given the fact his client has settled her claim with the United States, he takes no position on the instant motion.

**BACKGROUND**

In late 2007 and continuing into the spring of 2011, the Colorado Bureau of Investigation (CBI) conducted an investigation into a large-scale illegal gambling operation in the Denver area. The investigation revealed that Claimant Daniel Dinner was operating as a bookie by taking sports bets in the Denver area and had been doing so for over 30 years. Michael and Lonnie Elick worked with Dinner in the illegal gambling operation. Based upon this extensive state investigation, on March 29, 2011, CBI investigators executed State search warrants on Dinner's residence, defendant Virginia Avenue property, as well as another property owned by Dinner (8082 West Chenago Place), residences owned by Michael and Lonnie Elick, safe deposit boxes

2

associated with Dinner, and a vehicle owned by Michael Elick. *See* Verified Complaint, filed May 9, 2011. Doc. 1. The defendant currency and coins listed in the caption of this case were seized at that time and liens were placed against the defendant properties also listed in the caption. The United States filed its Verified Complaint for Forfeiture *In Rem* on May 9, 2011, pursuant to the forfeiture provisions of 18 U.S.C. § 981(a)(1)(C), seeking forfeiture of the defendant property involved in violations of 18 U.S.C. § 1952 (illegal gambling).

On June 28, 2011, Dinner was charged with numerous offenses related to his illegal gambling activities in Jefferson County District Court. Case No. 2011CR1744. On November 7, 2011, Dinner pled not guilty to these offenses. On January 17, 2012, Dinner filed a motion in his Jefferson County District Court case to suppress statements and evidence based upon alleged constitutional violations. A hearing on this motion is scheduled for **February 8, 2012**. Trial is scheduled to commence in Dinner's state case on **April 9, 2012**. Dinner is also the subject of a federal tax evasion investigation by the United States Attorney's Office.

The issue before the Court is whether Claimant Dinner should be allowed to proceed in this civil forfeiture action with briefing and a motions hearing seeking the same relief he currently seeks in state court: suppression of statements and evidence based upon alleged constitutional violations. The precepts of judicial economy and collateral estoppel counsel against addressing Dinner's constitutional claims simultaneously in state and federal court. In addition, the United States submits that in order for meaningful discovery to occur in this case, this case should be stayed for

3

ninety days pursuant to 18 U.S.C. § 981(g)(1) pending resolution of Dinner's state and federal prosecutions.

> **I.  An Adverse State Ruling Will Preclude Dinner from Litigating the Same Constitutional Issues Before this Court.**

"The federal courts have traditionally adhered to the related doctrines of res judicata and collateral estoppel." *Allen v. McCurry,* 449 U.S. 90, 94 (1980). "Under collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." *Id.* Collateral estoppel bars a claim if four elements are met: "(1) the issue previously decided is identical with the one presented in the action in question, (2) the prior action has been finally adjudicated on the merits; (3) the party against whom the doctrine is invoked was a party or in privity with a party to the prior adjudication, and (4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action." *Moss v. Kopp,* 559 F.3d 1155, 1161 (10th Cir. 2009). This doctrine operates to *inter alia*, "conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication." *Allen,* 449 U.S. at 94.

Dinner is scheduled to fully litigate the merits of his motion alleging constitutional law violations in Jefferson County District Court next week. If that Court denies Dinner's motion, he is collaterally estopped from raising these same claims "as a defense to the [federal] civil forfeiture action because these same issues" will have been "fully litigated in his state criminal prosecution and all of the criteria for application of collateral estoppel [will] have been met." *United States v. One Parcel of Real Property Known As*

4

*16614 Cayuga Road,* 69 Fed. App'x 915, 918 (10th Cir. 2003) (citations omitted); *United States v. Real Property Located in El Dorado County at 6380 Little Canyon Road, El Dorado, CA,* 59 F.3d 974, 979-80 (9th Cir. 1995) (claimant collaterally estopped from raising Fourth Amendment challenge where "legality of state search was fully and fairly litigated in the state court prosecution"), *overruled on other grounds, United States v. $273,969.04 United States Currency,* 164 F.3d 462 (9th Cir. 1999).

Dinner elected to file his suppression motion first in state court. It makes sense that Dinner's challenges to the methods by which the State conducted its investigation be heard in state court. The instant civil forfeiture case is derived from and is collateral to that state investigation. A plaintiff should not be allowed "to litigate the same issue at the same time in more than one federal court." *Blakely v. Schlumberger Technology Corp.*, 648 F.3d 921, 932 (8th Cir. 2011). The same principle should apply to the instant case: Dinner should not be allowed to litigate the same issue at the same time in state and federal court. Indeed, the Supreme Court has held there is no reason to believe that "Congress intended to provide a person claiming a federal right an unrestricted opportunity to relitigate an issue already decided in state court simply because the issue arose in a state proceeding in which he would rather not have been engaged at all." *Allen,* 449 U.S. at 104.

Because the "first court to decide the dispute will bind the other, the maintenance of an extra action will have a perceptible effect upon proceedings in the original action if the parties there attempt to accelerate or stall the proceedings in order to influence which court finishes first. The result would be quite similar to forum shopping, and is

5

just as unseemly." *Microsoftware Computer Systems, Inc. v. Ontel Corp.*, 686 F.2d 531, 538 (7th Cir. 1982), *overruled on other grounds, Gulf Stream Aerospace Corp. v. Mayacamas Corp.,* 485 U.S. 271 (1988); *LaDuke v. Burlington Northern Railroad Co.,* 879 F.2d 1556, 1560 (7th Cir. 1989) (same, and "the possibility exists that one court, unaware that the other court has already ruled, will resolve an issue differently and create a conflict between the two forums. Thus, the results of simultaneous litigation of identical issues in the state and federal courts may be both 'unseemly' and a 'grand waste' of the efforts of the parties and the courts") (citing *Microsoftware,* 686 F.2d at 538)). A stay as to the current briefing schedule and motions hearing on Dinner's intended constitutional law based motion in this case is therefore warranted in light of Dinner's "first-filed state court" motion. *Microsoftware Computer Systems, Inc.*, 686 F.2d at 538.

**II.   A Stay Pursuant to 18 U.S.C. § 981(g)(1) is Warranted as Proceeding with a Motions Hearing and Discovery at This Time Would Adversely Affect the Prosecution of Dinner's Related State Case.**

**Dinner is not entitled to the discovery he seeks.**

The United States also seeks a stay of this case pursuant to 18 U.S.C. § 981(g)(1). This provision provides that, "[u]pon the motion of the United States, the court **shall** stay the civil forfeiture proceeding if the court determines that civil discovery will adversely affect the ability of the Government to conduct a related criminal investigation or the prosecution of a related criminal case." (emphasis added).

Title 18 U.S.C. § 981(g)(4) states that, "[i]n determining whether a criminal case or investigation is 'related' to a civil forfeiture proceeding, the court shall consider the

6

degree of similarity between the parties, witnesses, facts, and circumstances involved in the two proceedings, without requiring an identity with respect to one or more factors."[1]

In order to proceed with a motions hearing on Dinner's constitutional claims, Dinner would have to call to testify at least one if not all of the three State law enforcement agents listed in the scheduling order in this case as individuals he intends to depose:  Ron Carscallen, Chris Andrist, and Greg Zenter.  While Dinner's counsel claimed at the scheduling conference that no discovery is necessary to proceed on his constitutional claims, providing Dinner with an opportunity to cross-examine the State's witnesses a second time (the first being in his state motions hearing) prior to his state criminal trial **is** discovery; discovery to which he is not entitled under Colorado Criminal Procedure Rule 16.  In other words, no other defendant would be afforded the opportunity to cross-examine government witnesses in two different forums prior to those witnesses' testimony at the state trial.  Courts have routinely held that claimants are not entitled to use the broad rules of civil discovery that pertain to civil forfeiture proceedings in this fashion.  *See United States v. Contents of Nationwide Life Insurance Annuity Account No. 0961*, No. 1:05-CV-00196, 2007 WL 682530, at * 1 (S.D. Ohio Mar. 1, 2007) ("the Court is also very concerned about Defendants in the criminal case

---

[1] In response to inquiry from the Court at the January 6, 2012 Status Conference as to application of this provision to the instant case, the government notes that an argument that "related case" meant only a related federal prosecution was expressly rejected in *United States v. Approximately $144,001 in United States Currency*, No. C 09-04182 JSW, 2010 WL 1838660, at *2 (N.D. Cal. May 3, 2010).  Claimants routinely rely upon this provision to stay federal civil forfeiture proceedings when they are the subject of related state criminal investigations or cases.  *See, e.g., United States v. 2004 GMC Yukon Denali, et al.,* 11-cv-005320-RBJ-MEH; *United States v. $10,500.00 United States Currency*, *et al.*, Civil Action No. 10-cv-3117-REB-CBS; *United States v. $30,980.00 in United States Currency, et al.,* Civil Action No. 10-cv-01188-LTB-KMT.

using this civil [forfeiture] case as a back door method to obtain discovery outside the scope of Fed. R. Crim. P. 16"); *United States v. $247,052.54, et al.*, No. C-05-4798 SC, 2007 WL 2009799, at * 2 (N.D. Cal. July 6, 2007) (in granting a stay, the court noted that allowing depositions of witnesses in a civil forfeiture case would allow the claimant to "cross-examine [those witnesses] in advance of trial, potentially exposing the Government's strategy for trial, or requiring [the witnesses] to divulge information related to the criminal case"); *United States v. Real Property And Improvements Located at 10 Table Bluff Road, Loleta, CA,* No. C 06-5256 SI, 2007 WL 911849, at *2 (N.D. Cal. Mar. 23, 2007) (granting stay, finding that civil discovery will adversely affect the related criminal investigation because without a stay, such investigation would be subjected to "broader and earlier discovery than would occur in a criminal proceeding," and therefore, the court was "obligated by the plain language of the statute to grant the Government's request for a stay").

Allowing the motions hearing to proceed, or any civil discovery at this point, "would burden law enforcement by compromising prospective witnesses and other evidence now being gathered by the [State] in preparation for criminal prosecutions in connection with the underlying facts of this case." *United States v. Currency $716,502.44*, No. 08-CV-11475, 2008 WL 5158291, at *5 (E.D. Mich. Dec. 5, 2008).

Undersigned counsel has conferred with Senior Chief Deputy District Attorney Mark Pautler, the lead prosecutor in Dinner's Jefferson County case. DDA Pautler confirmed that conducting motions hearings or discovery in the federal forfeiture case at the same time Jefferson County is preparing for trial on Dinner's state case will

8

adversely affect the prosecution of the State's related criminal case. It will impact the state law enforcement officers by requiring them to prepare for and participate in litigation in both federal and state courts at the same time. DDA Pautler is also concerned about multiple suppression hearings and testimony that would otherwise not be available to any other defendant in state court pursuant to Colorado Rules of Criminal Procedure.

### III.     A Stay of the Instant Civil Forfeiture Case for a Period of Ninety Days is Warranted.

Finally, the United States seeks a limited stay of the instant case of ninety days so that Dinner's state and federal criminal cases may be resolved. Resolution of Dinner's criminal matters prior to proceeding with discovery in the instant case essentially eliminates Dinner's ability to assert his Fifth Amendment privilege against self-incrimination in any civil discovery, which assertion would preclude meaningful discovery. It is well settled that Dinner may assert his "Fifth Amendment right to discovery requests that would subject him to a realistic threat of future criminal prosecution." *United States v. $339,884.00 in United States Currency,* No. 99-2238-CIV, 2000 WL 34612065, at *7 (S.D. Fla. Mar. 2, 2000) (citing, *inter alia, Kastigar v. United States,* 406 U.S. 441, 444-45 (1972)). A negative inference may be drawn "from a claimant's assertion of his Fifth Amendment privilege in civil forfeiture cases." *$339,884.00*, 2000 WL 34612065, at *7 (citations omitted). However, a claimant "may not convert the Fifth Amendment's shield against self-incrimination into a sword to frustrate the legitimate discovery, which is necessary to civil forfeiture proceedings." *Id.* at *7 (citations omitted).

The United States is entitled to conduct meaningful discovery. *Id.* at *7 n. 6; *United States v. $247,052.54,* No. C 05-4798-SC, 2007 WL 2009799, at *2 (N.D. Ca. Jul. 6, 2007) (claimant "argues that because he does not seek any discovery in the civil action, discovery cannot adversely affect the criminal prosecution," however, the "Government seeks and is entitled to conduct discovery"). Accordingly, a "reversal of the presumption against a stay" operates in civil forfeiture proceedings to allow "as much testimony as possible to be presented in the civil litigation, despite the assertion of the [Fifth Amendment] privilege." *In re 650 Fifth Avenue and Related Properties,* No. 1:08-cv-10934-RJH, 2011 WL 3586169, at *5 (S.D. N.Y. Aug. 12, 2011).

A stay in this case "for a determined length of time" would not violate Dinner's Due Process rights. *See United States v. All Funds Deposited in Account No. 20008524845,* 162 F. Supp. 2d 1325, 1332-33 (D. Wyo. 2001) (citing *Landis v. North American Co.*, 299 U.S. 248, 257 (1936)); *United States v. Approximately $207,870.43 Seized from Certificates of Deposit at First Charter Bank and Shelby Savings Bank,* No. 3:07CV420-R, 2007 WL 4380064 (W. D. N.C. Dec. 12, 2007) (granting ninety day stay where "civil discovery will adversely impact the criminal investigation").

## CONCLUSION

Dinner is attempting to litigate the same issue in two forums simultaneously which conduct the United States Supreme Court has expressly prohibited. Therefore, the United States seeks a stay of the current briefing schedule and motions hearing set on Dinner's constitutional law claims in this case pending a ruling from the Jefferson County District Court on this motion. In addition, the United States seeks a stay of

ninety days in this case so that Dinner may resolve his pending state and criminal cases prior to the commencement of discovery, so that meaningful discovery for both sides may occur.

DATED this 7th day of February, 2012.

>Respectfully submitted,
>
>JOHN F. WALSH
>United States Attorney
>
>By: s/ *Martha A. Paluch*
>Martha A. Paluch
>Assistant United States Attorney
>1225 Seventeenth Street, Ste. 700
>Denver, Colorado 80202
>Telephone: (303) 454-0100
>E-mail: Martha.Paluch@usdoj.gov
>*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE (CM/ECF)

I hereby certify that on this 7th day of February, 2012, I electronically filed the foregoing with the Clerk of Court using the ECF system which will send notification of such filing to the following participant:

William Lewis Taylor, Esq.
wltaylorpc@gmail.com
*Attorney for Claimant Daniel Dinner*

Mitchell Baker, Esq.
mitchbaker@estreet.com
*Attorney for Claimant Ginger Dinner*

Karl J. Geil, Esq.
Karl_geil@prodigy.net
*Attorney for Claimant Shelly Elick*

                                          s/ *Raisa V. Pitman*
                                          FSA Data Analyst
                                          Office of the U.S. Attorney