IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01232-CMA-MEH

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1401 EAST VIRGINIA AVENUE, DENVER, COLORADO,
57 LAKE RIDGE CIRCLE #1844, KEYSTONE, COLORADO,
$251,805.00 IN UNITED STATES CURRENCY,
$450,060.00 IN UNITED STATES CURRENCY,
$450,000.00 IN UNITED STATES CURRENCY,
$50,000.00 IN UNITED STATES CURRENCY,
ONE SILVER BAR AND 13 MISCELLANEOUS COINS,
$68,690.00 IN UNITED STATES CURRENCY, and
$8,372.00 IN UNITED STATES CURRENCY,

    Defendants.
_____

**UNITED STATES' REPLY TO CLAIMANT DINNER'S
RESPONSE TO MOTION TO STAY**
_____

THE UNITED STATES OF AMERICA, by and through United States Attorney John F. Walsh and Assistant United States Attorney Martha A. Paluch, hereby replies to Claimant Dinner's Response Objecting in Part to Government's Motion to Stay Case (Doc. 44).

### BACKGROUND

On February 2, 2012, the United States filed its Motion to Stay Case (Doc. 40), asserting that in the interest of judicial economy, briefing on Dinner's alleged constitutional violation claims should not proceed simultaneously in state and federal

1

court. At that time, a motions hearing was scheduled to occur in Jefferson County District Court on February 8, 2012. On February 7, 2012, Dinner filed a motion to continue his state hearing, which request was granted. Dinner's state motions hearing is now scheduled to occur on **March 20, 2012**. Currently, this Court has set a motions hearing in this case on Dinner's constitutional law motion, filed February 13, 2012 (Doc. 45), for **March 8, 2012**.

On February 10, 2012, Claimant Dinner filed a Response to the United States' Motion to Stay, stating that he does not object to a stay of discovery for a period of ninety days, but that he does object to any stay of the current briefing schedule and motions hearing scheduled for March 8, 2012. Doc. 44. The United States hereby replies to Dinner's Response as follows:

## JUDICIAL ECONOMY

Dinner's response lends substantial support to the United States' argument for a stay in this case. To begin, Dinner erroneously asserts that "a motions hearing and a ruling by the Court in this case on Mr. Dinner's constitutional claims likely will drive an early settlement of this matter, without full-blown civil discovery or summary judgment practice." Doc. 44 at 4. Dinner is mistaken. A motions hearing in this Court will not drive settlement in this case; resolution of Dinner's state criminal case will, for the following reasons:

In order to prevail in this civil forfeiture action, the United States must prove, by a preponderance of the evidence, that the defendant assets constitute or were derived from proceeds traceable to Dinner's illegal gambling activities, and are therefore,

2

forfeitable to the United States pursuant to 18 U.S.C. § 981(a)(1)(C). The instant federal civil forfeiture action is derived from, and based upon, Jefferson County's prosecution of Dinner for illegal gambling. While Dinner is correct that the FBI and IRS assisted in the investigation of Dinner, the United States Attorney's Office never filed charges against Dinner for illegal gambling, nor does it intend to. The United States will base its determination of an appropriate settlement offer on the outcome of Dinner's state illegal gambling prosecution, and the sentence and/or fine he receives, if any, in that case. In addition, the Assistant U.S. Attorney handling Dinner's federal tax case (currently under investigation) has represented to Dinner's counsel and to undersigned counsel that she intends to wait until Dinner's state case is resolved prior to entering into any settlement negotiations in the federal tax case as well. *See United States v. $2,067,437.08 in United States Currency,* No. 6:07-cv-319, 2008 WL 238514, at *3 (E.D.Tex. Jan. 28, 2008) ("[i]ssues common to both civil [forfeiture proceedings] and criminal proceedings are often more effectively addressed in the criminal context first").

The rationale for proceeding with a federal motions hearing at this time is not clear given that Dinner apparently anticipates reaching a settlement in his state case. Dinner expects to receive a "final offer of settlement" at or near the state's March 2, 2012 discovery deadline. Doc. 44 at 4. In light of Dinner's anticipated "bargained-for disposition," *id.*, Dinner asserts that it is "hardly a given that there will be any constitutional litigation in the state court proceeding." *Id.* If that is the case, it is unclear what would be accomplished by proceeding with a federal motions hearing on March 8, 2012, before this Court. If Dinner pleads guilty in state court, any federally suppressed

3

evidence would be irrelevant to the instant case. Dinner's admissions of guilt associated with any charge related to illegal gambling in state court would be sufficient for the United States to prevail in this civil forfeiture proceeding and its attendant preponderance of the evidence standard. Accordingly, judicial economy counsels in favor of granting the United States' Motion to Stay in its entirety.

## COLLATERAL ESTOPPEL

Dinner disputes that collateral estoppel will apply to the issues raised in this case. Doc. 44 at 5. A comparison of the motion Dinner filed in state court (a copy is attached hereto as Attachment 1) to the one filed in this Court on February 13, 2012 (Doc. 45), reveals that the motions are substantively identical with the following exception: Dinner raises a Fourth Amendment challenge to the warrantless placement of a GPS tracker in his federal motion. Doc. 45 at 11. Dinner states in his Response that his "papers in state court presently contain no Fourth Amendment argument under *United States v.* Jones, and may never do so," if a state settlement is reached. Doc. 44 at 6. However, Dinner sought and received an extension of time to amend his state motion to add this very argument. (State docket sheet attached hereto as Attachment 2, Pages 6-7). This is yet another reason why this federal case should be stayed. The GPS issue cannot be fully briefed in this Court by the March 8, 2012 hearing date because the GPS discovery will not be made available by the State until March 2, 2012.

Dinner also argues that it is not a given that the State will decide his federal constitutional claims raised in his state motion or that this Court will have jurisdiction to address his state law claims addressed in his federal motion. Doc. 44 at 5-6.

4

Nonetheless, the fact remains that Dinner raised the same claims in each motion, with the exception of the GPS tracker argument. Therefore, Dinner's claim that the United States has "mistakenly assume[d] or implie[d] the identity of the issues to be litigated," Doc. 44 at 5, is refuted by the very motions he filed.

However, if it is unclear as to which of Dinner's claims the doctrine of collateral estoppel will apply, this is even more reason to continue the currently scheduled motions hearing in this case so that Dinner's claims can be resolved in state court and the reach of collateral estoppel can be determined. Indeed, Dinner asserts that his state motion "pleads not only federal constitutional grounds for relief, but also claims based on similar, yet *more protective* provisions of the Colorado Constitution." Doc. 44 at 5 (emphasis in original). If the Colorado Constitution is more favorable to Dinner's claims, it is unclear as to why he would not want to litigate these issues in state court first.

Even if Dinner prevailed on his suppression motion in this Court, that ruling would not automatically result in dismissal of Dinner's state case. The doctrine of collateral estoppel could not be invoked against Jefferson County as it was not "a party or in privity with a party to the prior adjudication," and would not have had "a full and fair opportunity to litigate the issue in the prior action." *Moss v. Kopp,* 559 F.3d 1155, 1161 (10th Cir. 2009); *United States v. 3039.375 Pounds of Copper Coins,* No. 1:08cv230, 2010 WL 250254, at **1-2 (W.D. N.C. Jan. 21, 2010) (stay granted in part because the criminal case may have a collateral estoppel effect in the civil proceeding). For these

reasons, collateral estoppel considerations also support the United States' Motion to Stay.

## DISCOVERY

Moreover, proceeding with the current briefing schedule and motions hearing on Dinner's motion in this case presents significant issues. First, Dinner disputes the United State's characterization of a motions hearing as "discovery," but offers no case law or argument to explain how being provided the opportunity to cross-examine state witnesses is not discovery simply because it occurs in a courtroom rather than in a conference room during a deposition. In addition, in order to litigate Dinner's First, Fourth, Fifth, and Fourteenth Amendment challenges, it will be necessary for Dinner himself to take the stand. If the March 8, 2012 hearing scheduled in this case is stayed until after Dinner's state case is resolved, Dinner could testify fully because his Fifth Amendment privilege would not be implicated. On the other hand, a suppression hearing before Dinner's state case is resolved would operate to provide Dinner with meaningful discovery, but none for the United States in light of Dinner's Fifth Amendment rights, which is simply not the intent of the rules of discovery. *See United States v. $247,052.54,* No. C 05-4798-SC, 2007 WL 2009799, at *2 (N.D. Ca. Jul. 6, 2007) (claimant "argues that because he does not seek any discovery in the civil action, discovery cannot adversely affect the criminal prosecution," however, the "Government seeks and is entitled to conduct discovery").

6

## A STAY IS WARRANTED PURSUANT TO 18 U.S.C. § 981(g)(1)

Dinner faults the United States for supplying the Court with only one case which supports its position that a stay pursuant to 18 U.S.C. § 981(g)(1) is not limited to related federal prosecutions but applies to related state prosecutions as well. Doc. 44 at 8. However, Dinner offers not a single case to support his argument to the contrary. Undersigned counsel also provides the following case in support of its claim that "related criminal case" includes state prosecutions. In *United States v. Section 17 Township 23 North,* 40 F.3d 320 (10th Cir. 1994), at issue was whether a stay order was a final, appealable order, and the Tenth Circuit held it was not. In that case, the United States moved to stay the civil forfeiture proceedings pursuant to 21 U.S.C. § 881(i)[1] after it received requests for discovery from the claimants. Claimants were facing drug charges in Oklahoma state court and the district court granted the United States' motion to stay the forfeiture case pending resolution of the state criminal charges. *Id.* at 321-22. The Tenth Circuit noted that "the effect of the stay order is merely to postpone consideration of the forfeiture action pending adjudication of the state criminal charges." *Id.* at 322. While claimants did not raise the challenge at issue here, the Tenth Circuit affirmed the district court's granting of the stay under the same circumstances as present here.

---

[1] This provision states, "The provisions of section 981(g) of Title 18 regarding the stay of a civil forfeiture proceeding shall apply to forfeitures under this section." In 1994, this section provided that upon the filing of an indictment or information charging a violation of Title 21, which is "also related to a civil forfeiture proceeding under this section shall, upon motion of the United States and for good cause shown, stay the civil forfeiture proceeding." 21 U.S.C. § 881(i) (1994).

Dinner next claims that "it is of no moment" that claimants rely upon § 981(g) to seek stays of federal civil forfeiture proceedings where they are the subject of related state criminal proceedings, and that the United States' assertion in this regard amounts to mere "anecdotal evidence." Doc. 44 at 8. Dinner ignores the plain language of 18 U.S.C. § 981(g)(2), which allows a claimant to seek a stay if the claimant "is the subject of a related criminal investigation or case," which provision does not limit this relief solely to a related federal prosecution. It is not a novel concept that stays are routinely granted to claimants facing criminal charges in related proceedings in order to protect their Fifth Amendment rights and to prevent the government from gathering discovery for use in the criminal case. *United States v. Certain Real Property, Located at 317 Nick Fitchard Road N.W.,* 579 F.3d 1315, 1321 n.7 (11th Cir. 2009).

Dinner does not contest that his state criminal case is related to the instant forfeiture action and that it involves a "similar body of facts and evidence." Doc. 44 at 8. "The similarity of issues underlying the civil and criminal actions is considered the most important threshold issue in determining whether to grant a stay." *$2,067,437.08 in United States Currency,* 2008 WL 238514, at *3. Staying a civil forfeiture case until after completion of related criminal proceedings "is better for judicial efficiency. If the civil action is stayed until the conclusion of the criminal proceedings, there is no need to make rulings regarding potential discovery disputes involving issues that may affect the criminal case. . . . The outcome of the criminal proceeding may guide the parties in settlement discussions and potentially eliminate the need to litigate some or all of the

8

issues in this case." *Id.* (citations omitted). These arguments apply equally to the instant case, and warrant a stay here.

## NO PREJUDICE IN A LIMITED DELAY

Dinner has not articulated how the limited stay requested by the United States will prejudice him in any way. Dinner's only stated reason for proceeding first in federal court on his constitutional law motion is so that it "will drive an early settlement of this matter." Doc. 44 at 4. As explained above, the United States is not inclined to settle this civil forfeiture action in a vacuum without knowledge of the disposition, sentence and/or fine, if any, Dinner receives in his state criminal case. If hearing his motion in federal court first were so important to Dinner, he would have filed his motion in this Court first, regardless of any deadline set by the state court. Doc. 44 at 6.[2] The assets in question were seized on March 29, 2011. Doc. 1 at 2-4. Dinner was aware as of that date that certain of his assets had been seized, and notice of the United States' Verified Complaint for Forfeiture was sent to Dinner on September 7, 2011. Doc. 14. Dinner, therefore, could have filed his motion much sooner than February 13, 2012, and certainly before filing a nearly identical motion in state court, on January 17, 2012. The fact Dinner believes he may settle his state criminal case in the near future is even more reason for this Court to refrain from entertaining his federal motion within a few weeks.

Finally, it is worth repeating the United States is seeking a stay of ninety days, not an "indefinite stay" encompassing the possibility of appeals as Dinner asserts. Doc.

---

[2] Dinner points out that the instant civil forfeiture action was filed before the State of Colorado indicted him. Doc. 44 at 6-7. Pursuant to 18 U.S.C. § 983(a)(1)(A), the United States was required to file this judicial forfeiture action within sixty days of the seizure of the defendant property.

44 at 6. In addition, although the United States represented in its Motion to Stay that a stay was warranted until Dinner could resolve his state and federal charges, it no longer believes Dinner's federal tax case will be resolved within the ninety days. Given that the AUSA handling that case is waiting to see how Dinner's state criminal case resolves before entering into settlement negotiations in that case, a ninety day stay so that Dinner's state criminal case can be resolved would provide a sufficient basis for meaningful settlement discussions to occur in this civil forfeiture proceeding as well as in Dinner's federal tax case.

For these reasons, the interests of judicial economy and efficiency counsel in favor of granting the United States' Motion to Stay.

## CONCLUSION

For the reasons set forth in its Motion and in this Reply, the United States respectfully seeks a stay of ninety days in this case so that Dinner may resolve his pending state criminal case prior to proceeding with resolution of the instant civil forfeiture action.

DATED this 15th day of February, 2012.

                Respectfully submitted,

                JOHN F. WALSH
                United States Attorney

By: s/ Martha A. Paluch
    Assistant United States Attorney
    1225 Seventeenth Street, Ste. 700
    Denver, Colorado 80202
    Telephone: (303) 454-0100
    E-mail: Martha.Paluch@usdoj.gov
    *Attorney for Plaintiff*

## CERTIFICATE OF SERVICE (CM/ECF)

      I hereby certify that on this 15th day of February, 2012, I electronically filed the foregoing with the Clerk of Court using the ECF system which will send notification of such filing to the following participants:

William Lewis Taylor
*Attorney for Claimant Daniel Dinner*

Mitchell Baker
*Attorney for Claimant Ginger Dinner*

Karl J. Geil
*Attorney for Claimant Shelly Elick*

                                          s/ Raisa V. Pitman
                                          FSA Data Analyst
                                          Office of the U.S. Attorney