IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01232-CMA-MEH

UNITED STATES OF AMERICA,

       Plaintiff,

v.

1401 EAST VIRGINIA AVENUE, DENVER, COLORADO,
57 LAKE RIDGE CIRCLE #1844, KEYSTONE, COLORADO,
$251,805.00 IN UNITED STATES CURRENCY,
$450,060.00 IN UNITED STATES CURRENCY,
$450,000.00 IN UNITED STATES CURRENCY,
$50,000.00 IN UNITED STATES CURRENCY,
ONE SILVER BAR AND 13 MISCELLANEOUS COINS,
$68,690.00 IN UNITED STATES CURRENCY,
$8,372.00 IN UNITED STATES CURRENCY,

       Defendants.

---

## STIPULATED EXPEDITED SETTLEMENT AGREEMENT ONLY AS TO DEFENDANT 57 LAKE RIDGE CIRCLE #1844, KEYSTONE, COLORADO

---

IT IS HEREBY STIPULATED by and between the United States of America, and Claimant GMAC Mortgage, LLC (hereinafter "GMAC"), to compromise and settle GMAC's interest in the following real property:

> CONDOMINIUM UNIT 1844, THE SEASONS AT KEYSTONE, ACCORDING TO THE CONDOMINIUM MAP THEREOF FILED JANUARY 17, 2003 AT RECEPTION NO. 708301 AND ACCORDING TO THE CONDOMINIUM DECLARATION RECORDED JANUARY 17, 2003 AT RECEPTION NO. 708298, COUNTY OF SUMMIT, STATE OF COLORADO; titled in the name of Daniel Dinner.

This Stipulated Expedited Settlement Agreement (hereinafter "Agreement") is entered into between the parties pursuant to the following terms:

1

1. The parties hereby stipulate that GMAC was a bonafide purchaser for value of the lien right, title, or interest in the above described real property and that any violations of 18 U.S.C. § 981 involving defendant 57 Lake Ridge Circle #1844, Keystone, Colorado (hereinafter "defendant Keystone Condo"), occurred without the knowledge and consent of GMAC. The United States hereby waives the filing of a Claim and Answer pursuant to Rule G(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. Should GMAC's interest be subsequently challenged, this agreement becomes null and void.

2. The United States agrees that upon entry of a Final Order of Forfeiture forfeiting defendant Keystone Condo to the United States, it will market and sell the property, and solely from the proceeds of the sale of the property, to the extent that there are sufficient proceeds, after the deduction of government expenses related to seizure, maintenance, custody, and disposal, it will pay GMAC the following:

a. all unpaid principal due to GMAC under the Deed of Trust encumbering defendant Keystone Property, which was recorded on October 5, 2006, at Reception No. 835048, in the official records of Summit County, Colorado, that is the current unpaid principal balance of $12,805.25;

b. all unpaid interest of $127.18 up to but not including October 31, 2011, and $2.105 interest per diem until paid; and

c. miscellaneous costs of $103.01, which include outstanding late charges and recording fees.

3. The payments to GMAC shall be in full settlement and satisfaction of all claims by GMAC to defendant Keystone Condo relating to the seizure of the property by the United States, and of all claims resulting from the incidents or circumstances giving rise to this lawsuit.

4. Claimant GMAC acknowledges by entering into this Expedited Settlement Agreement, that the United States promptly recognized GMAC's claim, and by so doing, did not cause it to incur additional costs and fees.

5. Upon payment, GMAC agrees to release its Deed of Trust via recordable documents and to release and hold harmless the United States, and any agents, servants, and employees of the United States acting in their individual or official capacities, from any and all claims by GMAC and its agents which currently exist or which may arise as a result of the United States' action against the property.

6. GMAC agrees not to pursue against the United States any other rights that it may have under the mortgage instrument, including but not limited to, the right to initiate a foreclosure action.

7. GMAC further agrees to join any government motions for interlocutory or stipulated sale of defendant Keystone Condo, within thirty (30) days of GMAC's receipt of the motion.

8. GMAC understands and agrees that by entering into this Agreement of its interest in defendant Keystone Condo, it waives any rights to further litigate its interest in the property and to petition for remission or mitigation of the forfeiture, and unless

specifically directed by an order of the Court, GMAC shall be excused and relieved from further participation in this action.

9. GMAC understands and agrees that the United States reserves the right to void this Agreement and terminate the forfeiture action at any time for legal reasons.

10. The parties agree to execute further documents, to the extent necessary, to convey clear title to the property to the United States, and to further implement the terms of this Agreement. Each party agrees to bear its own costs and attorneys' fees.

11. The terms of this Agreement are contingent upon forfeiture of defendant Keystone Condo and the Court's entry of a Final Order of Forfeiture. Further, the terms of this Agreement shall be subject to approval by the United States District Court. Violation of any terms or conditions herein shall be construed as a violation of an Order of the Court.

12. In the event it appears defendant Keystone Property cannot be sold by the United States for an amount sufficient to cover the amounts owing to GMAC as outlined above, the parties agree that the United States may move to dismiss this action against the property or convey the property to GMAC, free and clear of any encumbrances by the United States in relation to this action.

13. The United States agrees that in the event that it elects to void this Agreement and terminate the forfeiture action, GMAC shall have all rights to enforce the Deed of Trust that existed prior to the commencement of the forfeiture action, including but not limited to the right to initiate foreclosure proceedings, free and clear of any encumbrances by the United States in relation to this action.

14. Claimant GMAC agrees to the filing of a Motion for Final Order of Forfeiture by the United States at the appropriate time.

Respectfully submitted this 22 day of November, 2011.

Dated: 11-22-11

JOHN F. WALSH
United States Attorney

By: *Martha Paluch*
Martha A. Paluch
Assistant United States Attorney
1225 Seventeenth Street, Ste. 700
Denver, Colorado 80202
Telephone: (303) 454-0100
Fax: (303) 454-0402
E-mail: martha.paluch@usdoj.gov
Attorney for Plaintiff United States

Dated: 11-18-11

*Karen Brody*
Karen Brody, Esq.
Lowe, Fell & Skogg, LLC
370 Seventeenth Street, Suite 4900
Denver, Colorado 80202
Telephone: (720) 359-8200
Fax: (720) 359-8201
Email: kbrody@lfslaw.com
Attorney for Claimant GMCA