IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01232-CMA-MEH

UNITED STATES OF AMERICA,

        Plaintiff,

v.

1401 EAST VIRGINIA AVENUE, DENVER, COLORADO,
57 LAKE RIDGE CIRCLE #1844, KEYSTONE, COLORADO,
$251,805.00 IN UNITED STATES CURRENCY,
$450,060.00 IN UNITED STATES CURRENCY,
$450,000.00 IN UNITED STATES CURRENCY,
$50,000.00 IN UNITED STATES CURRENCY,

        Defendants.

---

## SETTLEMENT AGREEMENT AS TO CLAIMANTS
## DANIEL DINNER AND GINGER DINNER

---

COMES NOW the United States of America by and through Assistant United States Attorney Martha A. Paluch, claimant Daniel Dinner by and through counsel, William L. Taylor, Esq., and claimant Ginger Dinner by and through counsel, Mitchell Baker, Esq., and submit the following Settlement Agreement:

    1.    The parties hereby agree that the following defendant property, including all right, title, and interest, will be forfeited to the United States pursuant to 18 U.S.C. §§ 981(a)(1)(C) as property which constitutes or is derived from proceeds traceable to violations of 18 U.S. C. § 1952, and that upon entry of a Final Order of Forfeiture, the forfeited property shall be disposed of in accordance with law:

        a. 57 LAKE RIDGE CIRCLE, #1844, KEYSTONE, COLORADO;

1

    b. $251,805.00 IN UNITED STATES CURRENCY;

    c. $450,060.00 IN UNITED STATES CURRENCY;

    d. $450,000.00 IN UNITED STATES CURRENCY; and

    e. $50,000.00 IN UNITED STATES CURRENCY.

2. The parties further agree that upon entry of the Final Order of Forfeiture as to this property, the United States will promptly record a Release of Lis Pendens for defendant 1401 East Virginia Avenue, Denver, Colorado, in the property records of Denver, Colorado, and that upon such release the United States shall have no further interest in defendant Virginia Avenue relative to the civil forfeiture action herein.

3. This Settlement Agreement resolves Claimant Ginger Dinner's $15,000.00 claim in defendant 1401 East Virginia Avenue and Claimant Daniel Dinner's claim to that property, as well as to the remaining defendant property.

4. Any attorney fees, interest, costs, and fees incurred by claimants will be their sole responsibility and obligation.

5. The United States and claimants forever and irrevocably release each other from any claims, damages, causes of action, whether in law or in equity, or founded in contract, tort, or any other legal or equitable theory, including but not limited to 18 U.S.C. § 983 and 28 U.S.C. § 2465, with respect to the defendant property herein, except for any civil or criminal tax liability which claimants understand must be handled between claimants and the Internal Revenue Service directly.

6. Specifically as to Claimant Daniel Dinner, he understands and agrees that settlement of this civil forfeiture action is separate and apart from settlement and/or

2

litigation of any pending or future criminal action.  Further, Claimant Daniel Dinner understands and agrees that no portion of the forfeited property shall satisfy, or be applied, to reduce or offset any outstanding tax liability, to include penalties and interest, due and owing, or any other outstanding debt, lien, or encumbrance of any kind due and owing to the United States, including to the Internal Revenue Service, and any other entity, including but not limited to Jefferson County District Court.

7.      Should any other claims or answers be filed necessitating further administrative or judicial action regarding the defendant property herein, claimants agree to cooperate fully with the United States in the preparation for, handling of, and attending hearings or trial on such claim or answer, as determined by the United States. This cooperation provision applies only to defendant property forfeited to the government by operation of this agreement, and has no application to future litigation between either Claimant and the United States, civil or criminal, regarding Claimants' tax liability.

8.      This Settlement Agreement shall bind the agents, principles, affiliates, successors, assigns, personal representatives, heirs, and attorneys of the United States and claimants.

9.      The filing of this Settlement Agreement does not constitute a dismissal of

3

this action.  A Motion for Final Order of Forfeiture resolving all issues in this case is

being filed contemporaneously herewith.

DATED: 6/12/12

MARTHA A. PALUCH
Assistant United States Attorney
1225 17th Street, Suite 700
Denver, Colorado 80202
Telephone: (303) 454-0100
FAX: (303) 454-0402
E-mail: Martha.Paluch@usdoj.gov
Counsel for Plaintiff

DATED: 6/12/12

WILLIAM L. TAYLOR, Esq.
303 16th Street, Suite 200
Denver, Colorado 80202
Telephone: (303) 629-9700
E-mail: wltaylorpc@gmail.com
*Attorney for Claimant Daniel Dinner*

DATED: 6/12/12

MITCHELL BAKER, Esq.
1543 Champa Street, Suite 400
Denver, Colorado 80202
Telephone: (303) 592-7353
E-mail: mitchbaker@estreet.com
*Attorney for Claimant Ginger Dinner*

DATED: 6/12/12

DANIEL DINNER
Claimant

DATED: 6/12/12

GINGER DINNER
Claimant

4